```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

JOSEPH R. GENNETTE,              )
                                 )
         Plaintiff,              )
                                 )
v.                               )   Case No. CIV-13-001-KEW
                                 )
CCA OF TENNESSEE, LLC,           )
                                 )
         Defendant.              )
```

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Strike Certain Allegations in Plaintiff's First Amended Complaint filed February 18, 2013 (Docket Entry #16). Plaintiff Joseph R. Gennette ("Gennette") initiated this action on January 2, 2013, alleging Defendant CCA of Tennessee, LLC ("CCA") terminated his employment in violation of the Americans with Disabilities Act, Age Discrimination in Employment Act ("ADEA"), and Oklahoma's Anti-Discrimination Act. He subsequently filed an Amended Complaint on February 4, 2013.

CCA contends Gennette set forth inadmissible evidence to support his claims in his Amended Complaint. Specifically, CCA identifies paragraphs 21, 22, and 23 of the Amended Complaint as containing "prohibited" allegations. In those paragraphs, Gennette states

> 21. After his termination, Plaintiff filed for unemployment benefits with the Oklahoma Employment Security Commission (OESC); his initial claim was denied based on a finding that Plaintiff was discharged from employment for misconduct connected to his work.
>
> 22. On August 15, 2012, Plaintiff filed an appeal of

>   the denial of benefits and such appeal was heard by the OESC's Appeal Tribunal in a recorded telephone hearing on September 11, 2012.  Appearing at the hearing were Plaintiff and, on behalf of Defendant CCA, Tim Wilkinson, Jimmy Martin, and Craig Frappiea, each of whom provided sworn, recorded testimony; following the hearing, the Appeal Tribunal determined no misconduct had been shown and allowed benefits.
>
> 23. Subsequently, the Appeal Tribunal's findings were adopted by OESC's Board of Review.  No further appeal of the OESC determination was pursued.

The court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  It is apparent that any finding of the Oklahoma Employment Security Commission, its referees, the Appeal Tribunal or Board of Review "shall not be conclusive or binding in any separate or subsequent action or proceeding, and shall not be used as evidence in any separate or subsequent action or proceeding . . ."  Okla. Stat. tit. 40 § 610.1.  The only listed basis for striking the references to the Oklahoma Employment Security Commission in the Amended Complaint under Rule 12(f) would be immateriality. Striking a matter under Rule 12(f) "should be denied unless the challenged allegations have not possible relation or logical connection to the subject matter of the controversy and may cause some sort of significant prejudice to one or more of the parties to the action."  <u>Ortiz v. Cooper Tire & Rubber Co.</u>, 2013 WL 2151674, 1 (W.D. Okla.).  While the evidence stemming from the OESC hearing would be inadmissible, this Court perceives and CCA fails to

indicate any significant prejudice by leaving the allegations in the Amended Complaint.  No additional expense on discovery on these allegations should be necessary to ferret out the basis for the statements related to the OESC proceedings.  Clearly, Gennette will have an uphill battle to admit this evidence but the allegations do not warrant the drastic relief suggested by CCA.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Certain Allegations in Plaintiff's First Amended Complaint filed February 18, 2013 (Docket Entry #16) is hereby **DENIED**.

IT IS SO ORDERED this 10th day of June, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE