IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH R. GENNETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-001-KEW |
| ) | |
| CCA OF TENNESSEE, LLC, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Partial Dismissal of Plaintiff's First Amended Complaint filed February 18, 2013 (Docket Entry #17). Plaintiff Joseph R. Gennette ("Gennette") initiated this action on January 2, 2013, alleging Defendant CCA of Tennessee, LLC ("CCA") terminated his employment in violation of the Americans with Disabilities Act, Age Discrimination in Employment Act ("ADEA"), and Oklahoma's Anti-Discrimination Act. Gennette filed an Amended Complaint setting forth further factual detail on February 4, 2013.

Through the pending Motion, CCA contends Gennette's ADEA claim fails to meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Clearly, Bell Atlantic changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. Khalik v. United Airlines, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). Bell Atlantic stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Bell Atlantic, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93. It is against this backdrop that the sufficiency of Gennette's Amended Complaint is evaluated.

With regard to his ADEA claim, Gennette alleges in the Amended

2

Complaint that he (1) is more than 40 years of age; (2) began employment with CCA as a correctional officer on or about January 21, 2003, arriving at the Davis Correctional Facility in August of 2011 as a unit manager; (3) was told by Chief of Security Craig Frappiea "something to the effect that he 'did not care for [Plaintiff's] age or ability"; (4) was informed on or about July 25, 2012 that he was being terminated for insubordination after an altercation with Chief Frappiea; (5) believes Chief Frappiea "was closely involved in all decisions regarding Plaintiff's termination"; (6) filed an administrative grievance but that the termination was upheld by Warden Tim Wilkinson; (7) pursued a peer review of his termination but that the termination was again upheld; and (8) "has been informed that following his termination, his position was filled by a younger worker."

   CCA contends Gennette is pursuing a "cat's paw" theory of age discrimination.  Under this theory, a supervisor who performs an act motivated by improper animus toward an employee that is intended by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under the appropriate anti-discriminatory statute.  <u>Straub v. Proctor Hosp.</u>, 131 S.Ct. 1186, 1194 (2011)(applying the "cat's paw" theory to USERRA based action).  The Tenth Circuit has determined that the "cat's paw" theory is not available in ADEA cases since "the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor, the operative

3

phrase relied upon in Straub. . . .  A plaintiff alleging age discrimination must instead prove age was a "but for" cause of her termination. . . ."  Simmons v. Sykes Enterprises, Inc., 647 F.3d 943, 949 (10th Cir. 2011).

This Court agrees with CCA that if Warden Wilkinson was the sole decision maker as to Gennette's continued employment, the allegations of Chief Frappiea's alleged age-based animus would be insufficient to state a plausible claim against CCA.  However, Gennette states in the Amended Complaint that he believes "Chief Frappiea was closely involved in all decisions regarding Plaintiff's termination" and that Warden Wilkinson "upheld" his termination, suggesting that Chief Frappiea was a decision maker and Warden Wilkinson served in a review capacity only.  This allegation is sufficient for Gennette's ADEA claim to survive at this juncture of the proceedings, until such time as the facts surrounding who served as the decision maker in Gennette's termination are determined.

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Dismissal of Plaintiff's First Amended Complaint filed February 18, 2013 (Docket Entry #17) is hereby **DENIED**.

IT IS SO ORDERED this 10th day of June, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE